UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

BARBARA E. KERN-GUERRIERE and
DR. JOHN T. GUERRIERE,

                Plaintiffs,

   -against-

COMPLAINT AND
JURY DEMAND

NASSAU COUNTY, NEW YORK,
NASSAU COUNTY POLICE DEPARTMENT,
SERGEANT PUGLISI, first name unknown,
POLICE OFFICER STEPHAN POLLA,
POLICE OFFICER GAWREYTH, first name unknown,
POLICE OFFICER ROBERTAZZI, first name unknown,
JOHN DOE, whose name is presently unknown, but
who is believed to be a Nassau County Police
Officer, TOWN OF HEMPSTEAD, NEW YORK,
CODE ENFORCEMENT OFFICER FOR THE TOWN OF
HEMPSTEAD RICHARD ROGERS, JOHN DOE #2,

                Defendants.

-----------------------------------X

      The Plaintiffs, BARBARA E. KERN-GUERRIERE and DR. JOHN T. GUERRIERE, complaining of the Defendants herein, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

      1. This is an action arising under the laws of the United States of America, and particularly, the Civil Rights Act 42 U.S.C. Section 1983, for the costs of this suit, reasonable attorney's fees, and damages suffered by the Plaintiffs, and caused by the Defendants as a result of the Defendant's deprivation and violation of the Plaintiff's rights, privileges, and immunitities secured by the Constitution of the United States, and by Federal and State Law, in particular 42 U.S.C. Section 1983, and 42 U.S.C. 1985 (3). This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1331 and 1343.

2. The violation of the Plaintiff's rights as alleged herein was committed within the County of Nassau, State of New York.

3. This Court also has jurisdiction in this action under 28 U.S.C. Sections 1331 and 1343 (1), (2), and (3), in that the matter in controversy arises under the Fourteenth Amendment of the Constitution of the United States.

4. Venue is properly found in this District under 28 U.S.C. Section 1391 (b) in that this Court comprises the District in which all of the Defendants maintain their official place of business and residence, and inwhich the claim arose.

## II. PARTIES

5. At all times relevant hereto, the Plaintiffs, BAEBARA E. KERN-GUERRIERE and DR. JOHN T. GUERRIERE, were, and still are, married and residents of the County of Nassau, State of New York.

6. The Defendant, NASSAU COUNTY, NEW YORK, (hereinafter referred to as the "COUNTY), is a municipal corporation organized, and which exists under, and pursuant to, the laws of the State of New York, and at all times relevant hereto, acted under color of law and maintained the department herein, the Defendant, the NASSAU COUNTY POLICE DEPARTMENT (hereinafter referred to as the "Police Department.)"

7. At all times hereinafter mentioned, the Defendant COUNTY, maintains the POLICE DEPARTMENT, which department employs the Defendant,SERGEANT PUGLISI, (hereinafter referred to as "PUGLISI"), POLICE OFFICER STEPHAN POLLA, (hereinafter referred to as "POLLA"), POLICE OFFICER GAYRETH, first name unknown,

hereinafter referred to as "Gawreyth"), POLICE OFFICER ROBERTAZZI, first name unknown (hereinafter referred to as "ROBERTAZZI"), and JOHN DOE, whose name is presently unknown, but who is believed to be a Nassau County Police Officer, as COUNTY Police Officers.

8. Upon information and belief, at all times hereinafter mentioned, the municipal Defendants were acting as departments and/or divisions of the Defendant, COUNTY, or as COUNTY Police Officers serving within said department of the COUNTY, and all were acting under color of law pursuant to their authority as departmetns, divisions, and/or Police Officers of the COUNTY.

9. Defendant, TOWN OF HEMPSTEAD, NEW YORK, (hereinafter referred to as the "TOWN" is a municipal corporation organized and which exists under, and pursuant to, the laws of the State of New York, and at all times relevant hereto, acted under color of law and employed the Defendant RICHARD ROGERS, hereinafter referred to as "ROGERS").

10. Upon information and belief, at all times herein after mentioned, the municipal Defendant, "ROGERS" was acting as TOWN CODE ENFORCEMENT OFFICER serving within the TOWN department, and was acting under color of law pursuant to his authority as departments, divisions, and/or Code Enforcement Officer of the TOWN.

### III.  THE CLAIM

11. At approximately 9:00 A.M., on April 7, 2009, DR. JOHN T. GUERRIERE was pulled over on Merrick Rd, Massapequa, New York, by Defendant,"POLLA". Plaintiff Dr. John T. Guerriere was verbally and physically abused by Defendant,"Polla,", and, without advising the Plaintiff's of the nature of the charges against the Plaintiff, BARBARA E. KERN-GUERRIERE, and

3

refusing to provide the Plaintiffs with a copy of any charges and/or warrant, despite plaintiff's protestations, the POLICE DEPARTMENT seized the Plaintiff, BARBARA E. KERN-GUERRIERE, handcuffed her from behind, and forcibly slammed her against the POLICE CAR., without probable cause; falsely arrested her, deprivng her of her liberty, without legal warrant, order, or other process; and unlawfully arrested her, and placed her into their custoly. At the same time Defendants physically grabbed with extreme force, the Plaintiff, DR. JOHN T. GUERIERE, and shoved him, while threatening him with more bodily harm.

12. The Plaintiff, BARBARA E. KERN-GUERRIERE, was unlawfully detained and transported, handcuffed, to the COUNTY'S 7th Precinct, located in Seaford, N.Y. She was then refused contact with her family, or any attorney, and otherwise mistreated and suffered and suffered violations of her consitutional rights. A male perpetrator shared the cell with the Plaintiff.

13. At approximately 3:30 P.M. she was transported to COUNTY'S Detention Center in Mineola, N.Y., further mistreated, and suffered violations of her constitutional rights,

14. Plaintiff Barbara E. Kern required EMERGEnCY HOSPITAL TREATMENT forinjuries sustained throught the excessive force, assault and battery by Defendant,Police Officers, and was transported to Nassau County Medicl Center at approximately 4:30 P.M. on April 7, 2009.

15. Plaintiff Barbara E. Kern-Guerriere was in jail for two days, as was finally arraigned on April 8, 2009, when she was eventually brought to Court after being detained, and at such time, first apprised of the charges against her, Plaintiff Kern-Guerriere was illegally stripped searched three times.

4

16. The charges, that of VIOLATIONS for alleged non-maintenance of a property that the Plaintiff NEVER OWNED, which in fact was according to COUNTY legal records, deeded in the name of a "Schoen Green." were duplicated, or charged twice, The false charges were the result of "ROGERS" from the "Town" false accusations and malicious prosecution, and false prosecution.

17. All the charges, VIOLATIONS, which are not crimes in New York State were DISMISSED in their entirety on April 16, 2009.

18. As a result of the aforesaid false arrest, false prosecution, malicious prosecution, assault, battery, illegal strip searches , excessive force, conspiracy, and detention, the Plaintiffs suffered great humiliation and embarrassment, menttal and physical injury and distress, and injury to their reputations. Soley as a result of the acts of the Defendants, their agents, servants, and employees, the Plaintiff BARBARA E. KERN-GUERRIERE became physically ill, was confined to bed and home, and was forced to seek medical treatment and medicine, all to her damage.

19. The Defendant's charges and actions against the Plaintiffs constitute a concerted bad faith effort and conspiracy to interfere with the Plaintiffs' consitutional rights; deny them equal treatment with other citizens; deprive them of their contractual and constitutional rights; and addition ally deprive them of their constitutional rights after the criminal process had been issued and was being abused.

20. The Plaintiffs have suffered and continue to suffer, grave and irreparable harm due to Defendant's actions against them.

5

16. The municipal Defendants, individually and acting in concert, have abused their respective public offices, and, in bad faith have deliberately acted to interfere with the Plaintiffs' rights, and deny them equal protection under the Constitution. The Defendants, ROGERS, acting in concert, have conspired to have the Plaintiff, BARBARA E. KERN-GUERRIERE, falsely arrested, wrongfully accused, and maliciously prosecuted, as well as to see that Plaintiffs were deliberately denied their civil rights.

17. As a result of the misconduct and conspiratorial actions hereinbefore described, the Plaintiffs have suffered damages, loss of their reputations, incurred medical costs, and were otherwise damaged.

18. The illegal and unjustified treatment to which the Plaintiffs have been subjected is consistent with the institutionalized practice of the COUNTY, and TOWN, said municipalities having at no time taken any effective action to prevent the remaining Police Defendants, Town employee, their agents, servants, from continuing to engage in such misconduct, and abuse of power, as complained of herein.

19, The Defendnt County and Town authorized tolerated, as an institutionalized practice, and approved of the misconduct hereinbefore detailed above, includin the COUNTY's condonation of the conduct of the POLICE DEPARTMENT, and Police Officesr's named hrein, and TOWN employee, and the Plaintiff's have sustaineed damages herinbefore alleged

20. Ther hereinbefore described actions, misconduct, and ommissions engaged in undercolor of State Authority by the municipal Defendants including the Defendant, COUNTY and TOWN, sued

as a person responsible because of its authorization, condonation, and/or approval of the acts its agents, employees, and elected officials, deprived the Plaintiffs of rights and privileges secured to them by the Constitution of the United states, including their Fourteenth Amendment rights to substantive and procedural due process of law, and the equal protections thereof.

21. By reason of the foregoing the Plaintiffs have been damaged in the sum of FIVE MMILLION ($5000,000,00). FOLLARS

### IV. PENDANT CLAIMS

### FIRST CLAIM

22. On or about July 6, 2009, and within ninety (90) days after the claim herein arose, the Plaintiffs served a Notice of Claim, in writing sworn on their behalf, upon the Defendant COUNTY, and TOWN, by delivering a copy thereof to the office designated to receive such process personally. The Notice of Claim advised said Defendant herein of the nature, place, time, and manner in which the Plaintiffs' claims arose, and the items of damage and injuries sustained by them.

23. Upon information and belief, on or about June 12, 2007, and October 16, 2007, the the Town knew, or had reason to know they were falsely prosecutin, maliciously prosecuting, false, legally baseless without any legal right, depriving the Plaintiff of her constitutional rights.

24. As a result, the plaintiff, BARBARA E. KERN-GUERRIERE suffered great pain and mental anguish, public humiliation, and injury to her reputation.

25. The amount of damages sought inthis action exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction.

## SECOND CLAIM

26. At all times mentioned herein, the Defendants, PUGLISI, POLLA, GAWRETH, and JOHN DOE, were all members of the POLICE DEPARTMENT.

27. On or about June 12, 2007, and October 16, 2007, the Defendant, ROGERS, aided, abetted importuned by and/or acting in concert with the Defendant, COUNTY, falsely accused the Plaintiff, BARBARA E. KERN-GUERRIERE, of criminal conduct, lodged a complaint against her, on two separate occasions for the same exact offenses, and demanded that said charges be filed against her.

28. The COUNTY POLICE knwingly or having reason to know, that the accusations made by ROGERS, were false, acted with ROGERS and the TOWN to falsely accuse the Plaintiff, BARBARA E. KERN-GUERRIERE, and demand that a complaint be lodged against her with the Town's Departments, and demanded the charge be filed against her.

29. On or about April 16, 2009, said proceedings against the Plaintiff, BARBARA E. KERN-GUERRIERE, were dismissed.

30. From on or about April 10, 2007, through on or about April 16, 2009, the Defendants maliciously and faalsely prosecuted said Plaintiff, BARBARA E. KERN-GUERRIERE.

31. By reason of the foregoinj , the Plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

THIRD CLAIM

32. The Defendant, COUNTY by its Police Department, and the Defendants, PUGLISI, POLLA, GAYWRETH, and JOHN DOE, along with other department members, entered into a conspiracy with the Defendants, TOWN, and ROGERS, and other department members, without the knowledge of the Plaintiffs, to stop their vehicle, forcibly handcuff and seize them, detain them illegally, and falsely arrest the Plaintiff, BARBARA E. KERN-GUERRIERE.

33. The Defendants, TOWN and ROGERS, with the remaining Defendants, conspired to maliciously prosecute and falsely prosecute the Plaintiff, BARBARA E. KERN-GUERRIERE, as aforesaid, and abuse the process of the courts against said Plaintiff as aforesaid, and violate the Plaintiff's civil rights.

34. As a result, of the foregoing, the Plaintiffs have been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter a judgment as follows:

1. Enter a Judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, pursuant to 42 U.S.C. Sections 1983 and 1985 (3), awarding the Plaintiff compensatory damages in the amount of FIVE MILLION ($5,000,000.00), Dollars, and punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

2. Issue a preliminary and permanent injunction against the municipal Defendants, their agents, employees, elected officials, and all other persons in active concert, and participation with them, from harassing, and annoying the Plaintiffs in the manner described herein;

3. Grant the Plaintiffs their costs, disbursements, and attorney's fees; and

4. Grant Plaintiffs such other and further relief as to this Court may seem just and equitable.

Dated: Massapequa, N.Y.
      July 1, 2010

BARBARA E. KERN-GUERRIERE
Plaintiff
86 Ripplewater Avenue
Massapequa, N.Y. 11758
(516) 884-7305

DR. JOHN T. GUERRIERE
Plaintiff
86 Ripplewater Avenue
Massapequa, N.Y. 11758
(516) 884-7305

10

## JURY DEMAND

Plaintiff demands a trial by jury of all claims properly triable by a jury.

Dated: Massapequa, New York
July 1, 2010

_____
BARBARA E. KERN-GUERRIERE
86 Ripplewater Avenue
Massapequa, N.Y.   11758
(516) 884-7305


_____
DR. JOHN T. GUERRIERE
86 RIPPLEWATER AVENUE
MASSAPEQUA, N.Y.   11758
(516) 8847305